IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **DON KRUEGER CONSTRUCTION CO.** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | Civil Action No. 6:19-cv-25 |
| § | |
| **ALLIED PROPERTY AND** § | |
| **CASUALTY INSURANCE** § | |
| **COMPANY** § | |
| § | |
| *Defendant*. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Don Krueger Construction Co. ("Plaintiff" or "Krueger") and files this Original Complaint against Defendant Allied Property and Casualty Insurance Company ("Defendant" or "Allied"). Plaintiff respectfully would show this Court the following:

### I.   THE PARTIES

1. Plaintiff Don Krueger Construction Co. is a Texas corporation with its principal place of business in Victoria, Texas.

2. Upon information and belief, Defendant Allied is an Iowa corporation with its principal place of business in Des Moines, Iowa. Defendant is authorized to and does conduct insurance business in the State of Texas and can be served with process through its agent for service, Corporation Service Company, 211 E 7th St Ste 620, Austin TX 78701-3218.

### II.   JURISDICTION AND VENUE

3. This is an action for declaratory relief and breach of contract regarding insurance coverage pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57 for the purpose of determining an actual controversy between the parties.

4. Jurisdiction in this action is based on 28 U.S.C.§1332(a), as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, including defense costs owed to Krueger and/or its defense counsel, exclusive of interest and costs.

5. Venue is proper in the Victoria Division of the Southern District of Texas, pursuant to 28 USC§1391(b)(2), as a substantial part of the events giving rise to the claims occurred in the Victoria Division of the Southern District of Texas. Krueger is located in Victoria, Texas, and the insurer was asked to defend Krueger in that district.

### III.  FACTUAL BACKGROUND

6. Plaintiff was sued in a lawsuit styled as Cause Number S-16-5792CV-C, *Taft Independent School District v. Don Krueger Construction Co.*, in the 343rd Judicial District Court, San Patricio County, Texas (the "Underlying Lawsuit"), in which the Taft Independent School District ("Taft ISD") sought damages for alleged construction defects.

7. The Underlying Lawsuit arises out of the design and allegedly defective construction of facilities at a high school, including a running track, a football field, concession stands and restrooms, bleachers, a ticket booth, a softball field, a baseball field, tennis courts, and parking lots (the "Project").

8. The district alleged that "Krueger agreed it would be legally responsible to Taft ISD for design and construction defects, whether committed by Krueger directly or indirectly by Krueger's design consultants and construction subcontractors." *See* Exhibit A, Plaintiff's Second Amended Petition (With Certificate of Merit) (the "Petition") at ¶ 5.3.

9. Krueger subcontracted portions of the work at the Project to American Sports & Concrete, LLC ("American Sports"), including the construction of the tennis courts.

10. Pursuant to Krueger's subcontract with American Sports, American Sports was required to name Krueger as an additional insured on its commercial general liability insurance policy. *See* Exhibit B, Subcontract between Krueger and American Sports. In particular, the subcontract contains the following provision:

> To the fullest extent permitted by applicable law, Contractor and Owner (when required by the Contract Documents) shall be named as additional insured in each of such policies, except Workers Compensation, and each of the insurers under each of such policies shall waive all rights of subrogation, by assignment, loan receipt or otherwise, against Contractor. Such coverage shall be primary and non-contributory and not excess to any other coverage. Each of such policies shall provide that same shall not terminate or be changed or canceled until thirty (30) days after Contractor has received written notice of such termination, cancellation or change. The additional insured endorsement shall be on a form satisfactory to the Contractor, and, to the extent permitted by applicable law, shall include coverage for Products-Completed Operations for the Additional Insured (example: ISO Additional Insured Endorsement CG20 10 11 85 (Form B), or CG 20 10 10 93 and CG 20 37 in combination, or CG 20 33 and CG 20 37 in combination, or an endorsement providing equivalent coverage to the additional insured(s)). A copy of the additional insured endorsements shall be attached to the certificate of insurance for Contractor approval. If this Subcontract is subject to Subchapter C of Chapter 151 of Subtitle C of the TEXAS INSURANCE CODE, the insurance afforded to additional insureds only applies to the extent permitted by subchapter C of Chapter 151 of subtitle C of Title 2 of the TEXAS INSURANCE CODE.

11. Krueger tendered its claim for additional insured coverage to Allied, as the general liability insurance carrier for American Sports, on October 28, 2016.

12. Allied finally responded to Krueger's tender on May 29, 2016, and stated that "Allied has determined to participate in the defense of Don Krueger in this matter" under Policy No. ACP GLPO 7253603326, with effective dates of 8/16/2013 to 8/16/2014 (the "Allied Policy"). *See* Exhibit C, Letter dated May 29, 2018, from Gabe Ceballos to April Davila at Pipkin Ferguson.

13. Despite its recognition of its defense obligation to Krueger, which was repeated in subsequent e-mail communications, Allied has failed to pay for any of Krueger's defense costs incurred in the Underlying Lawsuit after the date of tender. In fact, months after acknowledging a

defense obligation, Nationwide denied that it owed a defense based on the Texas Anti-Indemnity act.

## IV.  CAUSES OF ACTION

14. Each of the foregoing paragraphs is incorporated by reference in the following causes of action as though fully set forth herein.

### A.  DECLARATORY RELIEF

15. An actual controversy exists between Plaintiff on one hand, and Defendant on the other hand, as to the additional insured coverage provided to Plaintiff through the terms and conditions of the Allied Policy issued to American Sports. In particular, a dispute exists as to whether Defendant is obligated to defend Plaintiff in connection with the Underlying Lawsuit as an additional insured.

16. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaration that Defendant has a duty to defend Plaintiff in connection with the Underlying Lawsuit under the Allied Policy issued to American Sports.

### B.  BREACH OF CONTRACT

17. The Allied Policy sets forth contractual obligations on the part of Defendant to defend and indemnify certain additional insureds when claims are made against them for "property damage" caused by an "occurrence" and none of the exclusions preclude coverage.

18. Defendant admitted that a it owed a defense obligation to Krueger in a letter dated May 29, 2018. However, Defendant has breached the terms and provisions of the Allied Policy by failing to provide a defense coverage to Krueger for the claims asserted by Taft ISD in the Underlying Lawsuit.

19. Krueger has suffered damages as a result of Allied's breach.

### C.     PROMPT PAYMENT OF CLAIMS

20.     The failure of Allied to not only accept defense coverage when it is reasonably clear that coverage exists, but actually *pay* for defense costs, constitutes a violation of the Texas Prompt Payment of Claims Act, codified at Article 542.051 *et seq.* of the Texas Insurance Code.

21.     Therefore, in addition to its claim for damages, Krueger is entitled to an 18% penalty and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### D.     ATTORNEYS' FEES

22.     Plaintiff, as an additional insured on the Allied Policy by the Defendant, engaged the undersigned to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.     Plaintiff prays that it be awarded all reasonable attorneys' fees incurred in prosecuting the causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code.

### V.     CONDITIONS PRECEDENT

24.     All conditions precedent to Plaintiff's right to recover under the policies have occurred, have been fully performed, or have been waived by Defendant.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Defendant, that this Court declare and adjudge that Plaintiff recover all damages from and against Defendant that it may reasonably establish by a preponderance of the evidence, and that this Court award attorneys' fees

through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

>Respectfully submitted,

>SHIDLOFSKY LAW FIRM PLLC

>By: */s/ Rebecca DiMasi*

OF COUNSEL:

Lee H. Shidlofsky
State Bar No. 24002937
Southern District No. 22026
lee@shidlofskylaw.com
7200 N. Mopac Expressway, Suite 430
Telephone: (512) 685-1400

>Rebecca DiMasi
>State Bar No. 24007115
>Southern District No. 29641
>rebecca@shidlofskylaw.com
>7200 N. Mopac Expressway, Suite 430
>Austin, Texas 78731
>Telephone: (512) 685-1400
>Facsimile: (866) 232-8709

>**ATTORNEYS FOR PLAINTIFF**
>**DON KRUEGER CONSTRUCTION COMPANY**